For reasons not here important, I did not vote in Tierce, supra. Had I voted, I would have joined those dissenting on rehearing, reasoning that due-on-sale clauses, which vary in fixed terms of the mortgage note *Page 254 
and which, in practical effect, always inure to the benefit of the creditor and never to the benefit of the debtor, are void as against public policy. But Tierce is the law of this State; and, in the interest of stability, I will not persist in my personal views to the contrary.
While I am less than comfortable with the lack of specific guidelines for the application of "equitable principles," I concur in the result of the instant opinion. It is my hope, and belief, that the evolving nature of the common law process will develop a more definitive set of principles, so that parties to contracts containing due-on-sale clauses can more readily understand their respective rights and obligations.